UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kevin McCarthy

   v.                                      Civil No. 10-cv-395-JD
                                                Opinion No. 2011 DNH 088

Weathervane Seafoods


O R D E R

Kevin McCarthy brings claims of negligence and negligence per se against Weathervane Seafoods, arising from injuries he sustained when he fell from a ladder while attempting to climb to the roof of a Weathervane restaurant to repair a leak. Weathervane moves for summary judgment, contending that the negligence claim fails because Weathervane owed no duty to McCarthy and the negligence per se claim fails due to a lack of a statutory basis for the claim. McCarthy objects to the motion.


Background

Weathervane Seafoods operates several restaurants in New Hampshire, including a restaurant located at 174 Daniel Webster Highway in Nashua. During the events at issue in this case, McCarthy was self-employed as a heating, ventilation, air conditioning, and refrigeration technician doing business as

Maxair.[1]  McCarthy was approved to provide service to the HVAC units at Weathervane restaurants, including the Nashua restaurant, and had provided service on several occasions before the accident that is the basis for this case.

On June 13, 2010, Jennifer Burgess, Assistant Manager at the Nashua Weathervane restaurant, asked McCarthy to inspect and repair a leak in the roof of the restaurant.  McCarthy inspected the leak from the kitchen area and then decided he would have to go up on the roof.  McCarthy had been told previously that there was a ladder chained to a pipe behind the restaurant, which was used to access the roof.  McCarthy found the ladder, unchained it, and extended it up the side of the restaurant.  Burgess watched McCarthy set and climb the ladder.  As McCarthy got near the top of the ladder, the bottom slipped out, and he fell. McCarthy was badly injured in the fall.

## Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[1]Heating, ventilation, and air conditioning is commonly abbreviated as "HVAC."

Fed. R. Civ. P. 56(c). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See <u>id.</u> at 255.

## Discussion

Weathervane moves for summary judgment on the grounds that McCarthy cannot prove his negligence claim because Weathervane did not owe him a duty to protect against an open and obvious danger and because Weathervane did not know nor should it have known of the slippery condition where the ladder was located. Weathervane also contends that McCarthy failed to state a negligence per se claim. McCarthy objects, arguing that Weathervane breached its duty of reasonable care and duty to warn and that his negligence per se claim is based, properly, on Occupational Safety and Health Administration ("OSHA") regulations and New Hampshire regulations.

A. <u>Negligence</u>

"To recover for negligence, a plaintiff must demonstrate that the defendant had a duty, that he breached that duty, and

3

that the breach proximately caused injury to the plaintiff." Pesaturo v. Kinne, --- A.2d ---, 2011 WL 723138, at *5 (N.H. Feb. 25, 2011). "Whether a duty exists in a particular case is a question of law." Coan v. N.H. Dep't of Envtl. Servs., 161 N.H. 1, 7 (2010). Pertinent to this case, "premises owners are governed by the test of reasonable care under all the circumstances in the maintenance and operation of their premises." Rallis v. Demoulas Super Mkts., Inc., 159 N.H. 95, 99 (2009).

In his negligence count, McCarthy alleges that Weathervane "failed to provide a safe and secure restaurant, ladder, rear exterior of the restaurant or roof of the restaurant." Compl. ¶ 16. More specifically, McCarthy alleges that Weathervane "allowed a hazardous condition to exist in the area where the ladder had been placed causing the ladder to slide out from under Mr. McCarthy." Compl. ¶ 17. Weathervane challenges the claim to the extent that McCarthy alleges negligence because the ladder with which he was provided was too short. In response, McCarthy defends his negligence claim on the ground that Weathervane was negligent because the area where the ladder was placed was slippery due to grease build-up.

1. <u>Ladder</u>

McCarthy alleges, in part, that Weathervane failed to provide a safe and secure ladder because the ladder was too short to provide safe access to the roof. Weathervane contends, in support of summary judgment, that even if the ladder it provided was too short, that defect was open and obvious. A landowner does not have a duty to warn or instruct of a dangerous condition on the premises if it is open and obvious. See <u>Reed v. Nat'l Council of Boy Scouts of Am., Inc.</u>, 706 F. Supp. 2d 180, 187 (D.N.H. 2010).

In objecting to summary judgment, McCarthy does not respond to Weathervane's argument that the alleged defect in the ladder was open and obvious. Instead, McCarthy focuses on the slippery condition of the area where the ladder was located. Because McCarthy does not pursue a claim that Weathervane was negligent for providing a ladder that was too short, Weathervane is entitled to summary judgment on that part of the negligence claim.

2. <u>Condition of the Back Dock Area</u>

"A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions and to take reasonable

precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises." Rallis, 159 N.H. at 99 (internal citation omitted). "[A] premises owner is subject to liability for harm caused to entrants on the premises if the harm results either from: (1) the owner's failure to carry out his activities with reasonable care; or (2) the owner's failure to remedy or give warning of a dangerous condition of which he knows or in the exercise of reasonable care should know." Id.

Weathervane contends that McCarthy cannot provide evidence that it knew or should have known that the area behind the restaurant where the ladder was located was slippery. In response, McCarthy provides the following evidence pertaining to Weathervane's knowledge of the slippery condition behind the restaurant.

Diane Pearson was the general manager of the Nashua Weathervane restaurant. She testified in her deposition that during the frying operations at the restaurant, the cooks skim debris out of the frying oil and put it into an empty cardboard box. When necessary, one of the cooks takes the box out to the dumpster behind the restaurant. The grease in the boxes drips onto the pavement behind the restaurant, known as the back dock area, on the way to the dumpster. The restaurant managers

discussed the problem of grease buildup in the back dock area, and the grease problem had to be addressed daily. Ms. Pearson also testified that company policy required the back dock area to be kept clean from grease and oil and not to be slippery.

A former kitchen supervisor testified in his deposition that grease from the fryers was permanently on the pavement in the back dock area. Jennifer Burgess and another employee testified that they had used a power washer with degreaser to clean the back dock area until the power washer broke, two months before McCarthy's accident. Weathervane did not replace the power washer, so the employees used a less powerful hose without degreaser to try to clean the area.

The Weathervane regional manager testified that he checked the back dock area at the Nashua restaurant regularly. He said that he was checking for cleanliness, trash, and to be sure that it was grease-free. He stated that grease in the back dock area was a safety concern. The regional manager testified that when grease built up in the area, the employees were supposed to clean it or, if necessary, hire someone who could clean it. He also testified that he had reviewed comments in forms from the Nashua Weathervane about grease buildup in the back dock area.

After the fall, McCarthy was treated by EMTs from the Rockingham Regional Ambulance service. One EMT who was kneeling

next to McCarthy to provide treatment noticed when he stood up that the knees of his pants and tips of his shoes were coated with a significant amount of grease.  He said that the grease smelled like fish and required several washings to remove.

McCarthy's evidence of grease on the pavement in the back dock area where he attempted to use the ladder to access the roof demonstrates at least a disputed issue of fact as to whether Weathervane knew or should have known that the grease that accumulated there was a safety issue.  Although Weathervane states that McCarthy inspected the area where he put the ladder, the evidence cited in support of that statement was not provided in the record.  In contrast, McCarthy provided his interrogatory answer in which he stated that after falling he noticed the pavement was covered with grease and that he could not have seen the grease before climbing the ladder because it was lightly raining which caused all of the pavement to appear to be wet.

Therefore, Weathervane has not shown that it is entitled to summary judgment on McCarthy's negligence claim based on the slippery condition of the back dock area.

B.  <u>Negligence Per Se</u>

In Count II of his complaint, McCarthy alleges negligence per se, stating that Weathervane "is responsible for operating

the restaurant in compliance with Federal and State labor laws and regulations" and "[i]n particular, Weathervane Seafoods is responsible for complying with OSHA regulations and New Hampshire state laws pertaining to ladder safety." Compl. ¶¶ 23 & 24. McCarthy further alleges that "the Weathervane Seafoods failed to comply with OSHA and New Hampshire state laws pertaining to ladder safety. See e.g. RSA 277:2." Id. ¶ 25. McCarthy continues by alleging that Weathervane allowed "an unsafe and non OSHA or New Hampshire compliant ladder to be used to access the roof of the restaurant." Id.

Under the negligence per se doctrine, the standard of conduct is provided by statute. Mahan v. N.H. Dep't of Admin. Servs., 141 N.H. 717, 754 (1997). The negligence per se doctrine applies if "the injured person is a member of the class intended by the legislature to be protected, and . . . [if] the harm is of the kind which the statute was intended to prevent." Id. (internal quotation marks omitted). In addition, "[a]n implicit element of this test is whether the type of duty to which the statute speaks is similar to the type of duty on which the cause of action is based." Id. (internal quotation marks omitted).

Weathervane contends that McCarthy's negligence per se claim fails because the New Hampshire statute cited, Revised Statutes Annotated ("RSA") § 277:2, is inapposite to the circumstances in

this case, because OSHA regulations cannot provide the basis for a negligence per se claim, and because McCarthy cannot add new grounds for the claim in response to a motion for summary judgment. In response, McCarthy contends that he cited RSA 277:2 only as an example of a statute pertaining to the ladder provided by Weathervane, cites New Hampshire Labor regulations as the basis for his claim, and argues that OSHA regulations can support a negligence per se claim. Weathervane responds, arguing that McCarthy cannot add new bases for his negligence per se claim that were not in the complaint and that OSHA regulations cannot be the basis for a negligence per se claim.

    1.   RSA 277:2.

RSA chapter 277 governs employment by "the state or any of its political subdivisions." RSA 277:1-b,II. RSA 277:2, which requires, among other things, that the state or a political subdivision acting as an employer provide proper protection to employees who are using a ladder to make repairs, does not apply to Weathervane, which is not the state or one of its political subdivisions. Therefore, to the extent McCarthy's negligence per se claim is based on RSA 277:2, Weathervane is entitled to summary judgment.

2.  State Regulations

McCarthy argues in his objection to summary judgment that certain New Hampshire labor regulations pertaining to ladders are the basis for his negligence per se claim. McCarthy also argues that Weathervane was negligent per se because the build up of grease in the back loading area violated certain sections of the International Building Code and International Property Maintenance Code, incorporated into New Hampshire law by RSA 155-A:2. Weathervane responds that McCarthy cannot identify new grounds for his claim for purposes of avoiding summary judgment.

Ordinarily, a plaintiff cannot assert new claims in response to a motion for summary judgment that were not alleged in the complaint. See In re Citigroup, Inc., 2011 WL 1326368, at *2 n.3 (D. Mass. March 31, 2011); Ocasio v. Hogar Geobel Inc., 693 F. Supp. 2d 167, 172 (D.P.R. 2008). With respect to claims for negligence per se, many courts have held that a plaintiff must identify a particular statute to state the claim. See, e.g., Megino v. Linear Fin., 2011 WL 53086, at *7 (D. Nev. Jan. 6, 2011); Anchundia v. Northeast Utilities Serv. Co, 2010 WL 2400154, at *5 (E.D.N.Y. June 11, 2010); Chappey v. Ineos USA LLC, 2009 WL 790194, at *3 (N.D. Ind. March 23, 2009); ADT Security Servs., Inc. v. Swenson, 687 F. Supp. 2d 884, 893 (D. Minn. 2009); In re September 11 Prop. Damage & Bus. Loss Litig.,

468 F. Supp. 2d 508, 522-23 (S.D.N.Y. 2006); Holler v. Cinemark USA, Inc., 185 F. Supp. 2d 1242, 1244 (D. Kan. 2002). Other courts have held that the complaint satisfies the notice pleading requirement if it at least alleges the particular conduct that "clearly violates a statute or regulation." Welch v. Loftus, --- F. Supp. 2d ---, 2011 WL 743417, at *3 (S.D. Miss. Feb. 23, 2011); see also Resolution Trust Corp. v. Hays, 1993 WL 302150, at *5 (W.D. Tex. March 29, 1993).

In this case, McCarthy alleges that Weathervane's failure to adhere to New Hampshire's laws pertaining to ladder safety constituted negligence per se. In his objection, McCarthy identifies New Hampshire Code of Administrative Rules, Labor 1403.30, and contends that the ladder provided by Weathervane was too short, in violation of the regulation. McCarthy also represents that he identified Labor 1403.30 as a basis for his negligence per se claim in discovery provided to Weathervane. Given McCarthy's pleadings and the disclosure of Labor 1403.30, specifically, in discovery, that part of McCarthy's negligence per se claim is not a new claim for purposes of summary judgment.

McCarthy also asserts in his objection that his negligence per se claim is based on the slippery condition of the back area where the ladder was located and contends that the slippery condition violated Section 116 of the International Building Code

and Section 302.1 of the International Property Maintenance Code. McCarthy did not allege the slippery condition in his complaint as a basis for his negligence per se claim and did not reference the International Building Code or the International Property Maintenance Code.  McCarthy also does not suggest that he disclosed those bases for his claim before including them in his objection to summary judgment.

Because McCarthy did not allege the factual basis for negligence per se based on slippery conditions or either Code that he now cites, those grounds for his negligence per se claim were not part of his complaint.  McCarthy cannot raise a new claim in his objection to summary judgment.

3.  OSHA Violations

In his negligence per se count, McCarthy alleges that Weathervane was required to comply with OSHA regulations pertaining to ladder safety and that its failure to do so constituted negligence per se.  Weathervane contends that OSHA violations cannot be a basis for negligence per se and do not apply to an independent contractor.  McCarthy argues that OSHA violations can constitute negligence per se in the circumstances of his accident.

The New Hampshire Supreme Court has not decided whether a violation of an OSHA regulation could support a state law claim for negligence per se.[2] In Pratico v. Portland Terminal Co., 783 F.2d 255, 262-63 (1st Cir. 1985), the plaintiff asserted a negligence per se claim under the Federal Employers' Liability Act ("FELA") on the ground that the defendant's actions, which caused his injuries, violated OSHA regulations. The court concluded that the cited OSHA safety regulations applied to the device in question and to the railroad industry and held that FELA permitted claims for negligence per se. The court further decided that OSHA did not preclude a negligence per se claim under FELA based on violation of an OSHA regulation. Id. at 266.

Several years later, however, the court considered whether violation of an OSHA regulation could constitute negligence per se for purposes of a state law cause of action. Elliott v. S.D. Warren Co., 134 F.3d 1, 4 (1st Cir. 1998). The court noted that the decision in Pratico was made in the context of a FELA claim, not a state law claim, and that the case law had evolved in the intervening years. Id. Based on cases decided after Pratico,

---

[2] In Mailhot v. C & R Constr. Co., 128 N.H. 323, 324 (1986), the plaintiffs argued that the trial judge should have given a jury instruction on negligence per se based on the defendant's violation of certain OSHA regulations. The court declined to decide the question because the plaintiffs failed to raise it at trial. Id.

14

the court concluded that OSHA regulations cannot provide the basis for state law claims of negligence per se.[3] Id. at 4-5 (citing cases including Pedraza v. Shell Oil Co., 94 F.2d 48 (1st Cir. 1991)). The court also stated that "Pratico involved an FELA claim and the case's holding is properly limited to causes of action brought under that statute." Elliott, 134 F.3d at 4.

Therefore, the First Circuit has held that a state law negligence per se claim cannot be based on a violation of an OSHA regulation. Weathervane is entitled to summary judgment on McCarthy's negligence per se claim to the extent it is based on an OSHA violation.

Weathervane also argues that even if an OSHA violation could support a negligence per se claim, OSHA regulations apply to employers and therefore do not apply in the circumstances of this case where McCarthy was an independent contractor. See Keller v. United States, 38 F.3d 16, 28 n.5 (1st Cir. 1994). That issue need not be resolved in light of the First Circuit's holding in Elliot that OSHA violations cannot be the basis for state law negligence per se claims.

---

[3] The court next considered Maine law on the issue and concluded that Maine also would not recognize OSHA regulations as a basis for a negligence per se claim. Elliot, 134 F.3d at 5. The decision in Elliot is not based on Maine law, however, as McCarthy contends.

15

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 10) is granted to the extent that the plaintiff's negligence claim is based on a theory that the ladder provided was too short and to the extent the negligence per se claim is based on RSA 277:2, violation of the International Building Code or the International Property Maintenance Code due to a slippery condition, and OSHA regulations. The motion is otherwise denied.

The plaintiff's remaining claims are:

(1) negligence based on the alleged slippery condition of the area where the ladder was located, and

(2) negligence per se based on an alleged violation of New Hampshire Administrative Code, Labor 1403.30.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

June 1, 2011

cc: John L. Arnold, II, Esquire
David M. Bae, Esquire
Thomas J. Fay, Esquire
Andrew Ranks, Esquire
Martha Van Oot, Esquire

16