UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Kevin McCarthy</u>

    v.                            Civil No. 10-cv-395-JD

<u>Weathervane Seafoods</u>


<u>O R D E R</u>

Kevin McCarthy alleged claims of negligence and negligence per se against Weathervane Seafoods after he was injured in a fall from a ladder while attempting to climb to the roof of a Weathervane restaurant to repair a leak. Weathervane's motion for summary judgment was granted in part and denied in part. Weathervane moves for reconsideration, asking that summary judgment be granted in Weathervane's favor on McCarthy's negligence per se claim based on New Hampshire Code of Administrative Rules, Labor 1403.30.


<u>Discussion</u>

Weathervane moved for summary judgment on McCarthy's negligence per se claim, Count II, on the grounds that Occupational Safety and Health Administration ("OSHA") regulations and RSA 277:2 cannot support McCarthy's claim. In his objection, McCarthy argued that his negligence per se claim also was supported by New Hampshire Code of Administrative Rules,

Labor 1403.30, and provisions of the International Building Code and the International Property Maintenance Code.  The court granted summary judgment in Weathervane's favor to the extent the negligence per se claim was based on RSA 277:2, violation of the International Building Code or the International Property Maintenance Code, and OSHA regulations.

In its motion for reconsideration, Weathervane argues that the court should have granted summary judgment on McCarthy's negligence per se claim because Labor 1403.30 does not apply to independent contractors such as McCarthy.  Weathervane also asks the court "[t]o grant Weathervane its costs, including reasonable attorneys' fees . . . ."  Mot. at 3.  McCarthy objects to the motion because it raises a new argument and also contends that Labor 1403.30 is applicable to the facts in this case.

In general, "motions for reconsideration are appropriate only in a limited number of circumstances. . . ."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  Under the Local Rules in this district, "[a] motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law . . . ."  LR 7.2(e).  A manifest error is plain and undisputable, obvious, or clearly wrong.  See, e.g., Guy v. Crown Equip. Corp., 394 F.3d 320, 325

2

(5th Cir. 2004); <u>Andreiu v. Ashcroft</u>, 253 F.3d 477, 489-90 (9th Cir. 2001); <u>Beech v. Hercules Drilling Co., L.L.C.</u>, 2011 WL 2010162, at *1 (E.D. La. May 23, 2011) ("Manifest error is defined as evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." (internal quotation marks omitted)).  "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court" in support of the party's original motion.  <u>Allen</u>, 573 F.3d at 53 (quoting <u>Iverson v. City of Boston</u>, 452 F.3d 94, 104 (1st Cir. 2006)).

     Weathervane did not challenge Labor 1403.30 in its motion for summary judgment.  When McCarthy cited Labor 1403.30 in his objection as a basis for his negligence per se claim, Weathervane responded that McCarthy was precluded from relying on statutes and regulations that were not pleaded in the complaint.  Weathervane did not argue that Labor 1403.30 is inapplicable to independent contractors, as it contends in support of the motion for reconsideration.

Weathervane now acknowledges that McCarthy disclosed Labor 1403.30 as a basis for his negligence per se claim for purposes of the parties' discovery plan.  In fact, Labor 1403.30 was cited in the parties' discovery plan, which was filed by Weathervane on November 5, 2010, as a basis for McCarthy's negligence per se claim.  Weathervane provides no reason why it did not challenge Labor 1403.30 in its motion for summary judgment on the ground it now raises for reconsideration.

The court will not consider the new argument, challenging Labor 1403.30, that Weathervane raises for the first time for reconsideration.  As the matter has not been decided, Weathervane may raise the issue, if appropriate, in a subsequent motion for summary judgment within the schedule established by the discovery plan.  Weathervane provides no argument to support its request for unspecified costs and attorneys' fees, which is denied.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 19) is denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 27, 2011

cc: John L. Arnold, II, Esquire
    David M. Bae, Esquire
    Thomas J. Fay, Esquire
    Andrew Ranks, Esquire
    Martha Van Oot, Esquire