UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kevin McCarthy


          v.                          Civil No. 10-cv-395-JD
                                      Opinion No. 2011 DNH 137

Weathervane Seafoods


                          O R D E R


     Kevin McCarthy alleged claims of negligence and negligence
per se against Weathervane Seafoods after he was injured in a
fall from a ladder while attempting to climb to the roof of a
Weathervane restaurant to repair a leak.  Weathervane moves for
partial summary judgment, contending that McCarthy's remaining
negligence per se claim fails because Labor 1403.30 does not
apply to independent contractors such as McCarthy who provide
services to private entities such as Weathervane.  McCarthy
objects to the motion.


                         Background

     Weathervane Seafoods operates several restaurants in New
Hampshire, including a restaurant located at 174 Daniel Webster
Highway in Nashua.  During the events at issue in this case,
McCarthy was self-employed as a heating, ventilation, air
conditioning, and refrigeration technician doing business as

Maxair.[1]  McCarthy was approved to provide service to the HVAC
units at Weathervane restaurants, including the Nashua
restaurant, and had provided service on several occasions before
the accident that is the basis for this case.

On June 13, 2010, Jennifer Burgess, Assistant Manager at the
Nashua Weathervane restaurant, asked McCarthy to inspect and
repair a leak in the roof of the restaurant.  McCarthy inspected
the leak from the kitchen area and then decided he would have to
go up on the roof.  McCarthy had been told previously that there
was a ladder chained to a pipe behind the restaurant, which was
used to access the roof.  McCarthy found the ladder, unchained
it, and extended it up the side of the restaurant.  Burgess
watched McCarthy set and climb the ladder.  As McCarthy got near
the top of the ladder, the bottom slipped out, and he fell.
McCarthy was badly injured in the fall.

Weathervane moved for summary judgment, contending that the
negligence claim fails because Weathervane owed no duty to
McCarthy and the negligence per se claim fails due to a lack of a
statutory basis for the claim.  Weathervane's motion for summary
judgment was granted in part and denied in part.  Weathervane
moved for reconsideration, asking that summary judgment be

---

[1]Heating, ventilation, and air conditioning is commonly
abbreviated as "HVAC."

granted in its favor on McCarthy's remaining negligence per se claim based on New Hampshire Code of Administrative Rules, Labor 1403.30.  Weathervane's motion for reconsideration was denied because it challenged McCarthy's claim on grounds that Weathervane failed to raise in its motion for summary judgment.

## Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

## Discussion

In Count II of his complaint, McCarthy alleges negligence per se, stating that Weathervane "is responsible for operating the restaurant in compliance with . . . State labor laws and regulations" and "[i]n particular, Weathervane Seafoods is

responsible for complying with . . . New Hampshire state laws pertaining to ladder safety." Compl. ¶¶ 23 & 24.  McCarthy continues by alleging that Weathervane allowed "an unsafe and non . . . New Hampshire compliant ladder to be used to access the roof of the restaurant." Id.  McCarthy's remaining negligence per se claim is based on Weathervane's alleged violation of Labor 1403.30, an Administrative Rule containing safety requirements for fixed and portable ladders.

Under the negligence per se doctrine, the standard of conduct is provided by statute.  Mahan v. N.H. Dep't of Admin. Servs., 141 N.H. 717, 754 (1997).  The negligence per se doctrine applies if "the injured person is a member of the class intended by the legislature to be protected, and . . . [if] the harm is of the kind which the statute was intended to prevent." Id. (internal quotation marks omitted).  In addition, "[a]n implicit element of this test is whether the type of duty to which the statute speaks is similar to the type of duty on which the cause of action is based." Id. (internal quotation marks omitted).

Weathervane moves for partial summary judgment on McCarthy's remaining negligence per se claim on the grounds that Labor 1403.30 is, as a matter of law, inapplicable to independent contractors providing services to private businesses.  McCarthy

objects, arguing that Labor 1403.30 is applicable to the facts of this case.

"It is well settled that the legislature may delegate to administrative agencies the power to promulgate rules necessary for the proper execution of the laws." In re Mays, 161 N.H. 470, 473 (2011) (internal citation omitted).  However, "administrative rules may not add to, detract from, or modify the statute which they are intended to implement.  The authority to promulgate rules and regulations is designed only to permit the [administrative agency] to fill in the details to effectuate the purpose of the statute." In re Anderson, 147 N.H. 181, 183 (2001) (internal citations and quotation marks omitted).

New Hampshire Code of Administrative Rules, Labor 1400 *et. seq.*, "is intended to carry out the intent of RSA 281-A:64 and RSA 277:16 by establishing procedures and guidelines for workplace safety inspections."  N.H. Code Admin. R. 1401.01. Therefore, the rules provided in Labor 1400 *et. seq.* are limited in scope to furthering the purpose of RSA 281-A:64 and RSA 277:16.

RSA 281-A, the "Workers' Compensation Law," is, by its plain language, applicable only to employers and employees, as opposed to independent contractors.  See RSA 281-A:2,VI; In re Ann Miles Builder, Inc., 150 N.H. 315, 320 (2003).  McCarthy does not

contend that he was Weathervane's employee and acknowledges that he performed services for Weathervane only as an independent contractor.  Therefore, McCarthy was not Weathervane's "employee" under RSA 281-A and, as such, RSA 281-A:64 does not apply to McCarthy.

RSA chapter 277 governs employment by "the state or any of its political subdivisions." RSA 277:1-b,II.  RSA 277:16 allows the Labor Commissioner to adopt such rules as he deems necessary to carry out certain safety provisions of the statute.  Because RSA 277 applies only to the state or any of its political subdivisions, however, any rule adopted by the Commissioner pursuant to RSA 277:16 applies only to those entities, and, therefore, does not apply to Weathervane, a private entity.

Because McCarthy was not an "employee" of Weathervane under RSA 281-A and because RSA 277 applies only to the state or its political subdivisions, McCarthy is not a member of the class intended by the legislature to be protected by either statute.  Therefore, McCarthy is not a member of the class intended to be protected by Labor 1403.30.  Weathervane is entitled to summary judgment on McCarthy's negligence per se claim based on a violation of Labor 1403.30.

Conclusion

For the foregoing reasons, the defendant's motion for partial summary judgment (document no. 24) is granted.

The plaintiff's remaining claim is:

(1) negligence based on the alleged slippery condition of the area where the ladder was located.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 8, 2011

cc:  John L. Arnold, II, Esquire
     David M. Bae, Esquire
     Thomas J. Fay, Esquire
     Andrew Ranks, Esquire
     Martha Van Oot, Esquire